**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARVIN J. BELSER, SR., Personal
Representative of the Estate of
SERENA DESHAWN BELSER,
Deceased, and MARVIN J. BELSER,
SR., Personal Representative of the
Estate of SIRR MARVIN JAMES
BELSER, Deceased,

        Plaintiff(s),

v.                                                                                            Case No. 05-CV-71026-DT

DETROIT MEDICAL CENTER,
HARPER-HUTZEL HOSPITAL,
JEANNETTE ESPY, M.D., and
YORAM SOROKIN, M.D., Jointly
and Severally,

        Defendant(s).
_____/

**ORDER REQUIRING RULE 16 AND RULE 26(f) SCHEDULING CONSULTATION**

The court issues this preliminary order[1] to require Plaintiff's counsel (or a *pro se* Plaintiff) to organize the parties and prepare to assist the court in the speedy issuance of a scheduling order under Rule of Civil Procedure 16.[2] Jurisdiction of this court has

---

[1] The terminology of this order is designed for issuance soon after a complaint is filed in federal court and before service of an answer. The same form however is used even when an answer has already been filed (e.g. in removed cases). The court, in some pro se cases, may require counsel for a defendant to assume organizational responsibility; a specific order would issue in such an event.

[2] In cases involving a claim for benefits under ERISA, 29 U.S.C. § 1001, et. Seq., the court will issue an ERISA-specific scheduling order consistent with Wilkins v Baptist Healthcare, 150F.3d 609 (6th Cir. 1998). In the event that either party avers that this case is a claim for ERISA benefits, the parties are instructed to immediately so notify the court's case manager, Lisa Teets (313-234-5522) instead of completing the tasks outlined in this preliminary order.

not necessarily been determined, and questions relating to the propriety of maintaining the action in this court may result in subsequent orders directing a party to provide additional information relating to jurisdictional or venue allegations. In such an event, however, the parties are expected to continue to comply with mandates of this preliminary order unless directed otherwise by the court.

First, the court **ORDERS** Plaintiff's counsel, forthwith upon learning the identity of opposing counsel, to provide each such counsel a copy of this Order and its attached outline.

Second, the court **ORDERS** Plaintiff's counsel to conduct a meeting (in person or by telephone) with opposing counsel not later than **seven days after the answer is filed** (or, in the event of multiple defendants, seven days after the last answer is *due*) to discuss the case pursuant to Rule of Civil Procedure 26(f). Counsel of record must cooperate and consult in good faith.[3]

Third, the court **ORDERS** Plaintiff's counsel to file a joint written Rule 26(f) Plan and Status Report **not later than 21 days after the answer is filed** (or, in the event of multiple defendants, 21 days after the last answer is due).[4] The plan must be double spaced, reflect the combined product of counsel's discussion and conform, generally, to

---

[3] In the event that a Rule 12 motion is filed in lieu of, or concurrent with, the answer, all deadlines listed in this order that relate to Rule 26 are suspended. The parties are instructed to turn their attention to the Rule 12 motion. The court will normally resolve any motion to dismiss before issuing a scheduling order.

[4] If the parties are very near settlement and an extension is desired in order to conserve legal resources, Plaintiff's counsel should so inform the court's Case Manager, LISA TEETS (313-234-5522); the deadline can be moved.

the attached sample outline. The plan must include each matter specified under Rule 26(f)(1)-(4), the additional matters identified in the attached outline, and may include the views of the parties on any further matters deemed helpful to the court.[5]

**A SCHEDULING CONFERENCE** in chambers will be ordered by the court on a day within about two weeks after the parties' plan is due.[6] The principal attorney (i.e., the intended trial counsel) for each side will be required to attend the conference.

**EARLY DISCOVERY**. Federal Rule of Civil Procedure 26(d) authorizes pre-26(f)-conference discovery "by agreement of the parties." The court encourages the parties to conduct such early discovery.

**CONSENT JURISDICTION**. This court has indicated its willingness to consider referring appropriate cases to the assigned Magistrate Judge under 28 U.S.C. § 636(c) upon the parties' voluntary consent (see attached sample outline, ¶ 4). Counsel must discuss such possible consent. Among other things, a Magistrate Judge may provide more flexibility in scheduling, an earlier trial date or a date-certain trial, each of which may be unavailable in this court.

**AVOIDING "SHOTGUN" PLEADING OF CLAIMS AND DEFENSES.** The court seeks to streamline cases and narrow issues. *See* Fed. R. Civ. P. Rule 16(c)(1) ("[T]he court may take appropriate action, with respect to the formulation and simplification of the issues, *including the elimination of frivolous claims or defenses.*" (emphasis

---

[5] The sample outline attached is intended only as a guide. Your plan's detail and comprehensiveness should be commensurate with the complexity or simplicity of the case management issues involved.

[6] If the 26(f) plan is substantially acceptable to the court and the case is obviously simple, no conference with the court may be required before a Rule 16 scheduling order is issued. The order, however, could contain cutoff dates somewhat different from those suggested by counsel.

added)).[7] In the interest of narrowing the issues and minimizing the costs of discovery, counsel are **ORDERED** to carefully review all claims, all named parties, and all affirmative defenses and are urged to withdraw, without prejudice, any that are not presently sustainable under Rule 11 in view of evidence in hand (see attached sample outline, ¶¶ 6 and 9).[8]

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  April 22, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 22, 2005, by electronic and/or ordinary mail.

        s/Lisa G. Teets
        Case Manager and Deputy Clerk
        (313) 234-5522

---

[7] *See, e.g., Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) ("Generally, a failure to plead an affirmative defense . . . results in the waiver of that defense and its exclusion from the case. However, as a practical matter there are numerous exceptions to this broad rule, the most significant . . . being the rule allowing amendments to the answer . . . .  Simply put, Rule 15(a) allows a party to amend his pleading to assert an omitted affirmative defense . . . .")(internal citations omitted).

    It is this court's practice to grant leave to amend "freely when justice so requires" under Rule 15(a) to a diligent party who only later acquires facts needed to state a claim or defense properly under Rule 11.  Accordingly, the court expects rapid action on defenses where possible; *e.g.*, the court expects that *at the outset of the case* an affirmative defense based on Rule 12 will generate a motion to dismiss for failure to state a claim, but that if a 12(b)(6) motion cannot be filed at the outset, the defense will be withdrawn.

[8] Failure to reasonably attempt to narrow claims and defenses as noted in ¶¶ 6 and 9 of the attached outline, or failure to clearly state client consent in your discovery budget process under ¶ 12(h) may motivate the court to require an in-person scheduling conference with clients required to attend, at which the court may inquire as to the present factual basis for questionable claims or defenses, why a client's budget consent was not sought, etc.

**SAMPLE OUTLINE FOR A RULE 26(f) PLAN AND STATUS REPORT**

1) On [date], we met and discussed the issues identified under Fed. R. Civ. P. 26(f).
2) The basis for the court's jurisdiction is: _____. Jurisdiction [is conceded/will be contested by motion].
3) This case is to be tried [before a jury/by the court].
4) We have discussed requesting "consent jurisdiction" (28 U.S.C. § 636(c)), to the assigned Magistrate Judge. *If the parties consent, please include a signed form (available from the Clerk) with this plan.*
5) Following is a summary of the nature of the plaintiff's claims (please do not simply reprint the complaint):
6) The plaintiff consents to withdraw [no claims/the following claims without prejudice, understanding that it is the court's practice to grant leave to amend "freely when justice so requires," Fed. R. Civ. P. 15(a), upon a party later acquiring facts sufficient to allege a claim properly under Rule 11.]
7) Any supplemental (or "pendant") state law claims involved in this case are as follows:
8) Following is a summary of the nature of the defendant's defenses (please do not simply reprint pleadings):
9) The defendant hereby withdraws [no defenses/the following affirmative defenses without prejudice, understanding that it is the court's practice to grant leave to amend "freely when justice so requires," Fed. R. Civ. P. 15(a), upon a party later acquiring facts sufficient to allege a defense properly under Rule 11.
10) The Answer was filed on or about: _____.
11) We [have/have not] begun discovery by agreement.
12) We have read the court's guidelines on discovery, developed the following discovery plan, and recommend that the court enter an Order to this effect:
    a) The following changes should be made in the timing or substance of any mandatory disclosures:
    b) Discovery may be needed on the following subjects:
    c) The case is "[simple/standard/complex/highly complex]." Discovery should continue through [date].
    d) Discovery need not be phased or limited except as follows:
    e) No changes should be made in limitations on discovery imposed under the rules except:
    f) No additional limitations on discovery should be imposed except:
    g) The following orders should be entered at this time relating to privileges, or under Rule 16(b) [time limits, dates and other matters] or under Rule 16(c) [action by the court which may facilitate the just, speedy and inexpensive disposition of the case]:

*Both counsel and parties (especially private individuals and business entities) should develop a pretrial discovery budget. Accordingly, the following information must be included in the discovery plan:*

    h) Discovery costs for plaintiff, including attorney fees, may reach about $_____.
       Discovery costs for defendant, including attorney fees, may reach about $_____. **Each party must then state:** "My client, [name], has been specifically advised of the estimated discovery costs above, and has approved."

13) We have discussed the possibility of prompt resolution, (including the advisability of alternative dispute resolution, arbitration, early facilitative mediation, an early settlement conference with the court, etc.) And report as follows:
    a) Our joint view is_____
       -OR-
    b) plaintiff's view is:_____,while defendant's view is:_____.

    (In the event that no agreement exists on possible prompt resolution, please indicate as specifically as you can the issues each party sees as a present obstacle. In a non-jury case, do not reveal matters or strategies which might affect the court's ability to remain impartial.)

14) Based on what is known at this time, we estimate that at trial we may require approximately
    a) _____ in-court hours for the presentation of plaintiff's case, and
    b) _____ in-court hours for the presentation of defendant's case.
    (Note: a well-prepared, ordinary personal injury claim with five or six witnesses should normally require no more than about twenty hours--four five-hour days--including jury selection and argument.

**For Counsel's Information: THE COURT'S GUIDELINES ON DISCOVERY:**

Judge Cleland ordinarily requires that discovery proceed as follows:

**A.** In a **simple case**, involving few disputed facts or legal issues, discovery should close in about 2 to 3 months after it commences; the case should be resolved in less than a year after the answer.

**B.** In a **standard case**, which may involve multiple parties and/or several disputed factual and/or legal issues, discovery should close in about 4 or 5 months after it commences; the case should be resolved about one year after the answer.

**C.** In a **complex case** (perhaps involving numerous parties plus very complicated factual and/or legal issues) discovery should close in about 6 to 8 months after it commences; the case should be resolved in less than two years after the answer.

**D.** In a **highly complex case** involving numerous parties or classes of parties and highly complicated or novel factual and/or legal issues, discovery will close at the discretion of the court, and counsel are invited to suggest a timeline to the court. The case is thought to be unlikely to be resolved even two years after the answer.